# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-2038V

|  |  |
|---|---|
| SARAH SCHWOB,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | Chief Special Master Corcoran<br><br>Filed: April 6, 2026 |

*Renee J. Gentry, The Law Office of Renee J. Gentry, Washington, DC, for Petitioner.*

*Joseph Douglas Leavitt, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 28, 2023, Sarah Schwob filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a Table shoulder injury related to vaccine administration as the result of the influenza vaccine she received on October 27, 2021. Petition, ECF No. 1. On February 10, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 50.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a final motion for attorney's fees and costs, requesting an award of $57,007.00 (representing $54,974.25 in fees plus $2,032.75 in costs). Application for Attorneys' Fees and Costs ("Motion") filed September 7, 2025. ECF No. 55. Furthermore, Petitioner filed a signed statement representing that she incurred no personal out-of-pocket expenses. ECF No. 55-1.

Respondent reacted to the motion on September 8, 2025, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 56. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons stated below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## TIMELINESS OF MOTION

Vaccine Rule 13 provides that a request for fees and costs must be filed within 180 days after judgment is entered. RCFC, Vaccine Rule 13(a). In this case, judgment was entered on February 11, 2025, making Petitioner's motion for fees due on August 11, 2025. But Petitioner filed her motion for attorney's fees and costs on September 7, 2025, and thus after the deadline. Counsel explains in the Motion, however, that she was out of office "for most of July due to a death in the family and has been moving as quickly as possible to get all required filings in." ECF No. 55 at 2. While dilatory fees requests should not be automatically permitted, counsel has in this case provided a fair justification for her delay. And a fees award is appropriate since the case was resolved in the Petitioner's favor.

## ATTORNEY FEES

### a. Hourly Rates

I have reviewed the billing records submitted with Petitioner's request. The hourly rates requested herein are reasonable and consistent with our prior determinations. But the fees must be reduced for the following improperly billed tasks.

### b. Paralegal Tasks at Attorney Rates

A review of the billing records shows that many of the tasks performed by attorney Gentry in this matter are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425,

---

[3] Entries considered paralegal in nature are dated as follows: 12/2/23 (six entries re: drafting statement of completion; notices of filing exhibits); 12/7/23 (two entries); 12/27/23; 1/4/24; 2/8/24; 3/15/24 (two entries); 4/23/24; 4/26/24 (two entries); 5/6/24; 5/24/24; 6/14/24; 10/5/24; 10/25/24. ECF No. 55-1 at 8-24.

at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries reflect reasonably performed work, they must be charged at a reduced rate comparable to that of a paralegal. **Application of the foregoing reduces the amount of fees by $2,241.90.[4]**

### c. Administrative Tasks

The billing records show several entries by Ms. Gentry for non-compensable work and/or tasks considered administrative in nature, such as reviewing, processing and paying invoices.[5] It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. *See*, e.g*., Rochester* v. *U.S*., 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). See *Mostovoy* v. *Sec'y of Health & Hum. Servs*., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). Secretarial or administrative tasks should not be billed at all, regardless of who performs such task. *See, e.g*., *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). **Accordingly, I hereby deny reimbursement of these administrative charges, reducing the fees to be awarded by $1,593.00.**

## LITIGATION COSTS

Counsel requests $2,032.75 in litigation costs. Petitioner provided supporting documentation for the majority of these claimed costs. ECF No. 55 at 46-103. However, it appears that Petitioner failed to include supporting documentation for the following dated entries: 10/6/22; 5/6/24; 5/24/24; and 10/25/24. These costs reflect a combined total of $177.29 in unsubstantiated charges. *Id*. at 46-48.

Before reimbursement of costs is made, sufficient supporting documentation, such as invoices, receipts, and billing statements, must be provided. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78 (emphasis added).[6] When petitioners fail to provide appropriate documentation to substantiate a

---

[4] This amount consists of: ($531.00 - $186.00 = $345.00 x 2.70 hours billed in 2023) + ($561.00 - $197.00 = $364.00 x 3.60 hours billed in 2024) = $2,241.90 in fees to be reduced.

[5] The following billing entries are considered administrative and non-compensable: 10/4/22: "reviewed invoice, paid invoice, updated file." 10/5/22: "reviewed invoice from Assoc in cardiology, pd invoice updated file. 10/6/22; 10/13/22; 10/23/22 (two entries); 11/9/22; 12/2/22 (two entries); 12/13/22; 1/6/23; 1/10/23; 2/20/23; 12/7/23; 5/6/24; 5/24/24, totaling $1,593.00 in non-compensable billing entries. ECF No. 55-1.

[6] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/sites/default/files/vaccine_guidelines_20240318.pdf

requested cost, special masters have refrained from awarding the relevant sum. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

**Accordingly, I hereby deny reimbursement of the unsubstantiated costs, reducing the litigation costs to be awarded by $<u>177.29</u>.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $<u>52,994.81</u> (representing $51,139.35 in fees plus $1,855.46 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.